# In the United States Court of Federal Claims

No. 11-76C
(Filed: April 7, 2011)
(Reissued: April 27, 2011)[1]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ENGINEERING SOLUTIONS AND
PRODUCTS, INC.,

       *Plaintiff*,

v.

THE UNITED STATES,

       *Defendant*,

and

EPS CORPORATION

       *Intervenor*.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORDER

This is a post-award bid protest of a best value procurement for a maintenance and support services contract to support the Army's Left Behind Equipment ("LBE") maintenance management. The procurement was conducted by the Department of Interior National Business Center ("DOI-NBC" or agency) on behalf of the Army's Communications-Electronics Lifecycle Management Command. RFQ 483807 was issued against the GSA Multiple Award Schedule 874 V, Logistics Worldwide pursuant to FAR subpart 8.4. Plaintiff twice protested at GAO, each resulting in corrective

---

[1] This order was initially filed under seal on April 7, 2011. The parties conferred and agreed upon redaction of protected information. Redactions are indicated with brackets.

1

action by the agency. The contract was finally awarded to the incumbent, EPS Corporation, on December 28, 2010. Plaintiff filed its protest here on February 4, 2011.

The case is now before us on the parties' cross motions for judgment on the administrative record.[2] We heard oral argument on April 4, 2011. As expressed on the record at the conclusion of the oral argument, plaintiff's motion for judgment on the administrative record is denied; defendant's and intervenor's motions for judgment are granted.

Plaintiff alleges, in essence, that the procurement was set up in such a way that only the incumbent could have been awarded the contract. Plaintiff alleges violations of the Procurement Integrity Act, violation of FAR part 1.602(b), and an organizational conflict of interest. Plaintiff also alleges that the agency improperly evaluated the past performance of the offerors by applying requirements not called for in the RFQ. Plaintiff also avers that DOI's award of the contract based on a one year contract with two option years, as opposed to three options years as called for in the RFQ, was arbitrary and capricious. Lastly, plaintiff believes that it never received the "brief explanation" required by FAR subpart 8.405-2.

In short, and as we stated on the record, plaintiff's motion must be denied on each ground. Most basically, plaintiff lacks standing to challenge the award. In order to have standing, a protestor must show that it was prejudiced. In a post-award bid protest context, plaintiff must show that it had a "substantial chance" of receiving the contract but for the alleged error of the agency. *See Alfa Laval Separation, Inc. v. United States*, 175 F.3d 1365, 1367 (Fed. Cir. 1999). As plaintiff concedes, a third party, [ ], was next in line for award after EPS.

Plaintiff attempts to establish standing in two ways. First, it argues that the procurement was so grossly unfair that independent standing is no longer required because the entire procurement must be considered void. Second, it argues that the agency should not have accepted [ ]'s proposal because of

---

[2] Also is pending is plaintiff's motion to supplement the administrative record with the results of defendant's internal, post-award, investigation of an alleged Procurement Integrity Act violation. For the reasons stated on the record at oral argument, that motion is denied.

certain "comment bubbles" that plaintiff contends call into question representations made in the proposal. It argues that these comments mean that [ ]'s proposal amounted to a misrepresentation or that the proposal was a draft and should have been rejected.

As we explained on the record, the procurement was not grossly unfair. Plaintiff cannot show any improper conduct on the part of the agency nor an organizational conflict of interest that voids the RFQ. Nor did the comment bubbles referred to by plaintiff disqualify [ ]'s proposal. If plaintiff is correct, as it contends, that the agency did not see the bubbles, then the agency had no reason to question [ ]'s submission. Even if the comments were seen and should have been considered, the only relevant comment questioned a representation that [ ] would pursue a particular individual as an alternative to its primary plan to hire the incumbent's personnel after the conclusion of the prior contract. This is not a basis upon which the proposal should have been disqualified. The comment was a question raised by one individual at [ ] about one of three resumes relating to one subelement of the technical evaluation. In light of the significant advantage [ ] had in its technical and past performance ratings, the error, if any, does not warrant relief. In any event, the RFQ did not require that offerors provide resumes or offer specific individuals.

Nor was there a violation of the Procurement Integrity Act, 41 U.S.C. § 423 (2006). The act prohibits the knowing disclosure or receipt of "contractor bid or proposal information or source selection information before the award of a Federal agency procurement . . . ." *Id*. As we stated at the conclusion of oral argument, plaintiff failed to offer any evidence of disclosure of information by the agency to EPS. Plaintiff would have us read into the record its own suspicions based on EPS' proposal's similarities in total hours and labor categories to the government's own internal estimates. We believe, instead, that the explanation is more benign, owing to the fact that EPS was the incumbent and that the agency based its estimates on the prior contract's performance.

There was no organizational conflict of interest based upon unequal information. The information that the incumbent had was the labor categories and hours spent performing the previous contract. This is the sort of information that is the natural advantage of any incumbent. Plaintiff has not established any duty on the part of the government to furnish that information to all offerors. The case law on the subject makes clear that an agency is under

3

no duty to "equalize all other offerors with an incumbent." *Omega World Travel v. United States*, 54 Fed. Cl. 570, 575 (2002). Even "assuming [the incumbent] ha[s] more precise data, it is not the duty of the government to provide data in the hands of the incumbent." *Id.* The fact that the government based its estimates on prior contract experience and that EPS was the prior contractor is not evidence of an unfair procurement. Plaintiff's citation to FAR part 1.602 is thus unavailing because the agency did not conduct an unfair procurement.

In any event, plaintiff's argument of an unfair advantage to EPS due to the agency's refusal to furnish more precise prior contract data is untimely. During the bidding period, plaintiff asked for and was denied information relevant to labor categories and hours utilized by the agency under the prior contract. Offerors instead were provided a 300 page document containing thousands of entries corresponding to specific tasks performed under the prior contract. If this was insufficient, plaintiff had every opportunity to raise the problem prior to the award of the contract. Because it choose to submit its proposal based upon the information given, its post-award allegations in this regard come too late.

Plaintiff's belief that the agency unfairly evaluated proposals by giving credit for prior LBE contract experience fails because it was not prejudiced by the agency's having given EPS and [ ] credit for having LBE experience. It was not disqualified nor found unacceptable for not having such experience. The agency was well within its sound discretion to rate an offeror more highly for having experience on similar efforts in the past.

Plaintiff's argument that it was improper for the agency to have awarded the contract on the basis of one year plus two option years must be rejected because plaintiff has not shown that this decision prejudiced it in any way. All offerors priced their proposals based upon the same assumption of one base year and three option years. If any prejudice could be found, it would apply to all offerors equally and thus cannot form a basis for protest by plaintiff.

Finally, whether the agency's email to plaintiff informing it of the basis of the award to EPS constituted an adequate "brief explanation" as required by FAR subpart 8.405-2 is immaterial because plaintiff has not shown how that affects the award of the contract. Counsel's speculations at oral argument that plaintiff might not have bid had the information supplied by a proper "brief

4

explanation" are unsupported and merely suggest that plaintiff's merits arguments are not persuasive.

In sum, plaintiff has not shown any improper conduct on the part of the agency. It lacks standing to protest the award and cannot establish that it had a substantial chance of award. Its arguments as to a need for further information prior to contract award are untimely, and plaintiff fails to establish prejudice with respect to any other alleged procurement violation. Accordingly, plaintiff's motion for judgment on the administrative record is denied. Defendant's and intervenor's cross-motions for judgment on the administrative record are granted. The Clerk of Court is directed to enter judgment accordingly. No costs.

                                        s/ Eric G. Bruggink
                                        ERIC G. BRUGGINK
                                        Judge